UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROBERT RUBENSTEIN and
RUBENSTEIN LAW, P.A.,

      *Plaintiffs*,

v.

THE FLORIDA BAR and ARLENE K.
SANKEL, in her official capacity as Chief
Branch Discipline Counsel of the Miami
Branch of The Florida Bar,

      *Defendants*.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs ROBERT RUBENSTEIN and RUBENSTEIN LAW, P.A. (collectively, "Rubenstein") sue Defendants THE FLORIDA BAR and ARLENE K. SANKEL, in her official capacity as Chief Branch Discipline Counsel of the Miami Branch of The Florida Bar (collectively, "The Florida Bar"), and allege:

### Introduction

1. This suit challenges the constitutionality of recent amendments to the Florida Rules of Professional Conduct. In guidelines issued in December 2013, The Florida Bar's Board of Governors interpreted the amendments to prohibit references to a lawyer's past results in television and radio advertisements. Rubenstein seeks declaratory and injunctive relief against enforcement of the guidelines under 42 U.S.C. § 1983 on the ground that they violate the First Amendment to the United States Constitution.

## Jurisdiction

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

## Parties

3. Plaintiff Robert Rubenstein is a member of The Florida Bar who has been practicing law in the state since 1978. He resides in Miami-Dade County. In 1988, he founded Rubenstein Law, P.A., of which he is president.

4. Plaintiff Rubenstein Law, P.A. has offices in Miami, Plantation, West Palm Beach and Orlando. The firm advertises its services in a variety of media, including television.

5. Defendant The Florida Bar is an arm of the Florida Supreme Court. It is responsible for attorney regulation and discipline, including approving lawyer advertising, issuing advisory opinions related to lawyer advertising, and investigating and prosecuting alleged violations of the advertising rules.

6. Defendant Arlene K. Sankel is the Chief Disciplinary Counsel of The Florida Bar's Miami branch. She is responsible for investigating and prosecuting attorneys for alleged violations of the advertising rules.

## Factual Background

### I. Florida's history of broad restrictions on lawyer advertising

7. In *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977), the United States Supreme Court held that the First Amendment protects a lawyer's truthful and non-misleading commercial speech. In holding Arizona's lawyer advertising rules unconstitutional, the Supreme Court rejected the state's argument that such advertising is "inherently misleading" because it "does not provide a complete foundation on which to select an attorney." *Id.* at 374. That argument, the Court wrote, "assumes that the public is not sophisticated enough to realize the limitations of

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

advertising" and "is better kept in ignorance than trusted with correct but incomplete information." *Id.* at 374-75. In response to *Bates* and subsequent decisions, the American Bar Association adopted a series of amendments to the Model Rules of Professional Responsibility to gradually eliminate restrictions unrelated to protecting consumers from false and misleading advertising.

8.      While the American Bar Association worked to loosen advertising restrictions in response to United States Supreme Court precedents, The Florida Bar took the opposite tack. Responding to what it characterized as "blatant commercialization of the legal profession" in the wake of *Bates*, The Florida Bar enacted a series of restrictions on the content of lawyer advertisements. *See* The Florida Bar Joint Presidential Advertising Task Force, *Final Report & Recommendations* 27-28 (May 1997) (1997 Task Force Report). Among many other prohibitions, the amendments restricted "reference[s] to past successes or results obtained" in most forms of advertising. *Amendments to Rules Regulating The Fla. Bar*, 762 So. 2d 392 (Fla. 1999). Lawyer websites, however, were exempt from this prohibition. *Id.*

9.      In May 2011, The Florida Bar's Board of Governors submitted a proposal for "comprehensive" amendments to the rules. *See* Petition, *In re Amendments to Rules Regulating The Fla. Bar*, No. 11-1327 (July 5, 2011). The proposed amendments included a revision to the prohibition on references to past results to allow such references when "objectively verifiable." *Id.* at 22-23. Based on a Bar-sponsored survey in which 74% of respondents said that past results were an important consideration in choosing a lawyer, the Board concluded that "the public wants this information available to them." *Id.* The Board recommended that the same rule apply equally to "*all* forms of communication in any print or electronic forum," including television and website advertising. *Id.* App. D at 23 (Rule 4-7.1(a) (emphasis added). The

3

Board also noted that the "U.S. Supreme Court has generally struck down regulations restricting advertising truthful information" and that such "an outright prohibition … may run afoul of First Amendment jurisprudence." *Id.* at 22-23.

10. The proposed rules did not define "objectively verifiable." The comment to the rule explained that "general statements" – such as "I have successfully represented clients" and "I have won numerous appellate cases" – "*may or may not be* sufficiently objectively verifiable" because "a lawyer may interpret the words 'successful' or 'won' in a manner different from the average prospective client." *Id.* (emphasis added). The comment also provided that the rule prohibits statements of past results if the "advertised result … is atypical of persons under similar circumstances" or if the statement omits "pertinent information" about the circumstances of the result. Rule 4-7.3, cmt. But other than listing a couple of examples – including the "fail[ure] to disclose that the judgment is far short of the client's actual damages" – the comment did not explain what information The Florida Bar considers "pertinent."

11. The Florida Supreme Court adopted the proposed amendments in a per curiam opinion joined by four of the Court's seven justices. *In re Amendments to Rules Regulating The Fla. Bar*, 108 So. 3d 609 (Fla. 2013). In dissent, Justice Canady wrote that he would have instead "reject[ed] the proposed rules and direct[ed] that the Bar propose revised rules that go further to address concerns related to the protection of First Amendment rights and of prospective clients' interest in having unimpeded access to information that they consider useful." *Id.*

II. **The Florida Bar's prohibition of Rubenstein's advertisements**

12. Following adoption of the amendments, Rubenstein submitted a series of television advertisements to The Florida Bar for approval. Some of the submitted advertisements

4

truthfully and accurately stated that the firm had recovered specific amounts for its clients from verdicts and settlements. These advertisements included Florida Bar-mandated disclaimers of a certain size that "the amounts stated are before deductions for fees and costs of attorneys and third parties such as medical providers" and that "[r]esults in individual cases are based on the unique facts of each case." The Florida Bar's advertising office concluded that the submitted advertisements complied with the amended rules. In reliance on The Florida Bar's approval, Rubenstein produced and aired the advertisements at significant expense.

13. Within months, however, The Florida Bar switched course. In December 2013, The Florida Bar's Board of Governors issued "Guidelines for Advertising Past Results." The guidelines asserted, without reference to evidence, that "inclusion of past results in advertising carries a particularly high risk of being misleading" and that "such advertising will require the inclusion of more information than most types of advertising in order to comply." Because "radio and television media do not lend themselves to effective communication of such information," the Board provided that "the Bar generally will not issue a notice of compliance for advertisements in such media that include references to past results." The guidelines continued to allow past results in other forms of media.

14. On January 31, 2014, The Florida Bar wrote to Rubenstein to revoke its prior approval of his television advertisements. Asserting that "[t]he lawyer advertising rules permit the bar to change its finding of compliance," The Florida Bar issued a new opinion that Rubenstein's advertisements do *not* comply with the amended rules. The Florida Bar's revised opinion gave Rubenstein 30 days to stop running the advertisements, after which continued use "may result in disciplinary action."

5

15. In addition to prohibiting television and radio advertisements that reference truthful and accurate statements regarding past performance, The Florida Bar has also recently issued (revised January 17, 2014) new guidelines for advertising past results in other forms of media. Those guidelines no longer permit dollar amounts to be stated as a gross amount with an appropriate explanatory statement or disclaimer, but instead now require net amounts (which may include medical expenses that are reimbursed to the client or paid on behalf of the client) and a new disclaimer reading as follows: "Most cases result in a lower recovery. It should not be assumed that your case will have as beneficial a result."

### III. Necessity of and entitlement to injunctive relief

16. As shown above and discussed below, Rubenstein has a clear legal right to injunctive belief because the guidelines prevent Rubenstein from presenting truthful and accurate statements regarding past performance to the public, and thus infringe on Rubenstein's constitutional rights of free speech.

17. Rubenstein is suffering, and will continue to suffer, irreparable harm as a result of this infringement because Rubenstein is prevented from running advertisements that contain the prohibited truthful and accurate statements or is subject to unwarranted discipline if the advertisements are run.

18. Rubenstein has no adequate remedy at law.

### Claim for Relief
### Violation of the First Amendment (under 42 U.S.C. § 1983)

19. The United States Supreme Court has repeatedly held that, to justify restrictions on commercial speech, states have the burden of proving that the prohibited forms of speech are false or misleading. *See, e.g., 44 Liquormart v. Rhode Island*, 517 U.S. 484, 516 (1996). In

6

prohibiting past results in television and radio advertising, The Florida Bar made no attempt to satisfy that burden. The Florida Bar has no evidence to support its assertion that "past results in advertising carries a particularly high risk of being misleading." Indeed, the prohibition conflicts with The Florida Bar's previous determination that consumers consider a lawyer's past results as one of the most important factors in choosing an attorney.

20. The prohibition is also far more extensive than necessary to serve the state's claimed interest. The Florida Bar allows past results in other forms of media when accompanied by disclaimers, and there is no reason why those same disclaimers could not be included in television and radio advertisements. The Florida Bar's assertion that television advertisements "do not lend themselves to effective communication of such information" lacks any support.

21. Because the prohibition on past results in television and radio advertising deprives Florida consumers of valuable information, and because the state has no evidence that the prohibition serves any valid state interest, the prohibition violates the First Amendment.

22. For the same reasons, the new guidelines governing advertising in other forms of media and requiring dollar amounts to be stated as a net amount received by the client after deductions for attorneys' fees and litigation-related expenses, and mandating inclusion of a misleading disclaimer that "[m]ost cases result in a lower recovery" violate the First Amendment.

### Request for Relief

WHEREFORE, Plaintiffs pray that the Court take jurisdiction over the parties and subject matter hereto, and provide relief as follows:

7

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

A. Declare unconstitutional and enjoin enforcement of The Florida Bar's Guidelines for Advertising Past Results, issued December 13, 2013, prohibiting television and radio advertising of past results;

B. Declare unconstitutional and enjoin enforcement of The Florida Bar's Guidelines for Advertising Past Results, revised January 17, 2014, requiring non-television and radio advertising of past results to state dollar amounts in a net amount received by the client after deductions for attorneys' fees and litigation-related expenses, and mandating inclusion of a disclaimer that "[m]ost cases result in a lower recovery";

C. Award Plaintiffs their reasonable costs, expenses, and attorney's fees under 42 U.S.C. § 1988; and

D. Grant Plaintiffs all other appropriate relief.

Dated: March 3, 2014.

> Respectfully submitted,
>
> Robert K. Burlington, Florida Bar No. 261882
> rburlington@coffeyburlington.com
> Daniel F. Blonsky, Florida Bar No. 972169
> dblonsky@coffeyburlington.com
> COFFEY BURLINGTON
> Office in the Grove, Penthouse
> 2699 South Bayshore Drive
> Miami, Florida 33133
> Tel: 305-858-2900
> Fax: 305-858-5261
> *Counsel for Plaintiffs*
>
> By: s/Daniel F. Blonsky

8

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Of Counsel to Plaintiffs:

Gregory A. Beck
greg@guptabeck.com
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Suite 500
Washington, DC 20036
Tel: 202-888-1741
Fax: 202-328-7030
(Motion for Admission Pro Hac Vice To Be Filed)

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com