UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-20786-Bloom/Valle

ROBERT RUBENSTEIN and
RUBENSTEIN LAW, P.A.,

        *Plaintiffs*,

    v.

THE FLORIDA BAR and ARLENE K.
SANKEL, in her official capacity as Chief
Branch Discipline Counsel of the Miami
Branch of The Florida Bar,

        *Defendants*.

_____/

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
REQUEST FOR AN AWARD OF COSTS AND ATTORNEY'S FEES**

    Plaintiffs ROBERT RUBENSTEIN and RUBENSTEIN LAW, P.A. (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this reply regarding their Memorandum of Law in Support of their Request for an Award of Costs and Attorney's Fees (ECF No. 51).

    In their Memorandum in Opposition to Motion for Attorney Fees (ECF No. 53), Defendants THE FLORIDA BAR and ARLENE K. SANKEL, in her official capacity as Chief Branch Discipline Counsel of the Miami Branch of The Florida Bar (collectively, "Defendants" or "the Bar"), do not contest the hourly rates of Plaintiffs' counsel, nor do they identify any particular task on which Plaintiffs' counsel supposedly spent excessive time. They also do not challenge the costs that are requested. Instead, they only argue generally that the *total* time spent

by Plaintiffs' counsel was excessive, even if no specific task is claimed to have been unnecessary or inefficiently undertaken.

The Bar's primary argument for the excessiveness of Plaintiffs' fees claim is that its own counsel spent less time on the case than Plaintiffs' counsel did. But, as the Bar notes, the Eleventh Circuit takes a dim view of the evidentiary value of opposing counsel's time. "The number of hours needed by one side to prepare adequately," the Court wrote, "may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. Additionally, the case may have far greater precedential value for one side than the other." *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985).

The "nature of the work" explains why Plaintiffs spent more time on the case: It was *Plaintiffs'* counsel who did the work of ferreting out the rule's history and purpose from the decades of reports, studies, briefs and opinions that make up the rule's history. It was also Plaintiffs' counsel who explained to the Court the interests on which the Bar had claimed to rely, and applied those claimed interests to Supreme Court and Eleventh Circuit law. That the time Plaintiffs' counsel spent developing the facts and law was helpful to the Court is apparent from its decision, which relies on much of the material that Plaintiffs presented.

The fact that Plaintiffs prevailed as a matter of law in no way demeans the significance of that effort. Although entitlement to summary judgment is always a matter of law, the relevant questions in a First Amendment challenge to a restriction on commercial speech are *factual* ones: "whether the State's interests in proscribing it are substantial, whether the challenged regulation advances these interests in a direct and material way, and whether the extent of the restriction on protected speech is in reasonable proportion to the interests served." *Edenfield v. Fane*, 507 U.S. 761, 767 (1993). The most directly relevant evidence to the constitutionality of a restriction on

commercial speech under this standard is thus the restriction's legislative history—including both the "express purpose" articulated by those who enacted the restriction and the record evidence on which they relied in support of their conclusions. *Sorrell v. IMS Health Inc*., 131 S. Ct. 2653, 2663 (2011); *see also id.* at 2667-72 (scrutinizing in depth the challenged law's legislative findings and statements of purpose).

The Bar is also correct that Mr. Beck has experience in other challenges to restrictions on lawyer advertising, and that one of those challenges—*Public Citizen, Inc. v. Louisiana Attorney Disciplinary Bd.*—involved a comparable restriction on advertising past results. But though the legal issue was similar, the *evidence* in the two cases, and thus the focus of the dispute between the parties, was completely different. That Louisiana could not meet its burden of proof with the survey evidence it relied on there says nothing about whether Florida can meet its burden in *this* case.

The Bar's suggestion that Plaintiffs incurred excessive time by contesting its motion to transfer is meritless. Plaintiffs were under no obligation to concede the Bar's motion and had good reason to oppose it. As explained in Plaintiff's response to the Bar's motion to transfer, Plaintiffs filed suit in their home district to protect themselves from threatened disciplinary action by the Bar. That another lawyer had filed a different suit in a different district does not diminish the urgency of that threat—indeed, the Bar *did* initiate such a prosecution soon thereafter. In any event, the fact that Plaintiffs *prevailed* in their opposition is reason enough to conclude that the opposition was not a waste of time.

The Bar also relies on a decision by the Northern District of New York in which Mr. Beck was also counsel. In *Alexander v. Cahill*, the plaintiffs claimed a total of 241.8 hours for litigation through summary judgment. Although the state *conceded* that the claimed time was

3

reasonable, the district court nevertheless cut Mr. Beck's time by more than 40%. The plaintiffs appealed that decision in part on the ground that the district court erred as a matter of law in relying on Mr. Beck's relatively low hourly rate and his experience at the time to reduce the number of hours for which he could be compensated. The parties settled the fee issue before the Second Circuit reached a decision. Regardless, the result in *Alexander*—a case challenging different kinds of rules, raising different legal issues and involving a different record—sheds no light on the reasonableness of Plaintiffs' counsel's hours in *this* case. Unlike here, the record in *Alexander* really *was* purely about law: the state *stipulated* to having no evidence in support of its rules and instead relied entirely on its argument that the advertisements in question were not entitled to any First Amendment protection.

The time that Plaintiffs' counsel devoted to their briefing represents the seriousness with which they took the matter. It is no light matter to accuse the governing body of a state bar of violating the constitution, and to prevail on such an argument on summary judgment is a significant accomplishment. If Plaintiffs' counsel had spent only the 50 hours on the case that the Bar concedes (without analysis or explanation) is reasonable, the result would likely have been different. The difficult issues that Plaintiffs failed to address adequately may then have been decided—at greater expense—in a trial.

Mr. Richard's time records indicate that he spent a total of less than ten hours on the Bar's motion for summary judgment. To draft Plaintiffs' 25 page motion in that time would have required counsel to research and draft legal argument at a rate of 2.5 pages per hour. There is no basis to conclude that even the most haphazardly constructed brief could have covered the necessary legal and factual issues in that amount of time. If counsel for Plaintiffs had attempted to write such a cursory brief, the outcome of this case may well have been different.

4

CASE NO. 1:14-cv-20786-Bloom/Valle

In short, the Bar has failed to present a legitimate basis for the rejection of any of the fees claimed by Plaintiffs.   Accordingly, all of the requested attorney's fees and costs should be awarded.

Respectfully submitted,

Gregory A. Beck
greg@guptabeck.com
GUPTA BECK PLLC
1625 Massachusetts Avenue, NW
Suite 500
Washington, DC 20036
Tel: 202-888-1741
Fax: 202-328-7030

and

COFFEY BURLINGTON
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel:  305-858-2900
Fax:  305-858-5261

By:  s/  Daniel F. Blonsky
        Robert K. Burlington, FBN 261882
        rburlington@coffeyburlington.com
        Daniel F. Blonsky, FBN 972169
        dblonsky@coffeyburlington.com

*Counsel for Plaintiffs*

CASE NO. 1:14-cv-20786-Bloom/Valle

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on this 20th day of January 2015, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF.  It is also certified the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s*/Daniel F. Blonsky

### SERVICE LIST

Barry Richard, Esq.
Greenberg Traurig, P.A.
101 East College Avenue
Tallahassee, FL 32301
Tel: (850) 222-6891
Fax: (850) 681-0207
Richardb@gtlaw.com
moodym@gtlaw.com
spradlinv@gtlaw.com